SEAVER v. HINES, Director General of Railroads.

(District Court, D. New Hampshire. February 25, 1920.)

No. 289.

COURTS ⬦274—FEDERAL COURTS; IN ACTION AGAINST DIRECTOR GENERAL OF RAILROADS, SERVICE ON EMPLOYÉS INSUFFICIENT.

Temporary possession of cars of a railroad company foreign to the district by employés engaged in operation of another road within the district, incidental to use of such cars in interstate traffic, both roads being under federal control, *held* not to constitute such employés agents of the foreign company, or of the Director General, on whom valid service could be made in an action against the Director General for an injury received on the foreign road without the district.

At Law. Action by George H. Seaver against W. D. Hines, Director General of Railroads. On plea in abatement. Sustained.

See, also, 261 Fed. 239.

John M. Stark and Robert W. Upton, both of Concord, N. H., for plaintiff.

Streeter, Demond, Woodworth & Sulloway, of Concord, N. H., for defendant.

ALDRICH, District Judge. In dismissing this case I am not considering the question of the plaintiff's residence, or any question except that relating to sufficiency of service.

The New Hampshire statute (Pub. Stat. c. 219, § 13) must, at least in a large sense, be accepted as having reference to service upon foreign corporations where the cause of action arises in the state. Perhaps it covers more, but that is not the question.

Service was sought to be made, in this case, upon the Rutland Rail-

road, by serving upon the master mechanic and the freight agent of the Boston & Maine at Concord, New Hampshire, who had one or more cars of the Rutland in their possession.

The fact of the possession is quite likely established by the return. But, as the character of the possession is not described, the fair inference would be that the cars were either in the repair shop under the master mechanic, or in transit, or standing upon the freight tracks in the freight yards of the Boston & Maine, and under the temporary direction of its freight agent, and therefore under such control of the Boston & Maine agents as would ordinarily exist under such relationship among railroads.

The return further states that they held such possession as agents of the defendant. This is a statement which cannot be accepted as conclusive, because it is based upon the idea that government control created the agency relationship for purposes of service and that idea at once involves the very question of law which we are considering.

In view of the nominal and transient character of the possession of these local agents, as disclosed by the return, I very much doubt whether the possession, or care and oversight, amounts to such a possession as was intended by the New Hampshire statute as one sufficient to justify service on a foreign corporation. Moreover, and more particularly, I doubt whether the character of the agency of the local Boston & Maine master mechanic and freight agent was such as to bring the case within the reasoning of any of the federal cases as to sufficiency of service.

I doubt if the present service, in any very substantial sense, varies the situation from that in which I dismissed this case in a former proceeding for want of jurisdiction. Seaver v. Hines (D. C.) 261 Fed. 239.

This is not a case where the question of jurisdiction depends upon attachment of property, or upon whether the corporation is doing business within the district, but upon the single question whether the persons named in the returns were agents and caretakers of the defendant Hines, within the district, upon which valid service can be had. In other words, whether the possession of the cars by the master mechanic and the freight agent was accompanied by such an agency in respect to the Rutland as to bring the situation within the reasoning of any of the authoritative federal cases in respect to service. The idea that the possession should be of a representative character, in the sense of legal service, is something that should not be overlooked. If the possession had any of the elements of permanency it would be quite another thing. But at the most the possession of the master mechanic, and that of the freight agent, was a mere transitory possession, such as is incident to freight cars used in transit traffic. It is hardly conceivable that such agents of the Boston & Maine would be under any duty to transmit the summons to the proper authorities either of the Boston & Maine or the Rutland. They might do it, but it would be something outside the scope of their duties, and the element of uncertainty, under such conditions and such relations, would seem to render it quite unsafe to accept service upon persons clothed

with such limited and unsubstantial possession as a basis for jurisdiction and judgments.

The theory about possession and agency, and particularly the theory that the master mechanic and freight agent should be accepted as a part of a single Hines government system, because the officer omitted to describe them, according to the fact, as local agents of the Boston & Maine, seems too fictional to become the basis of jurisdiction.

In the other case, which was dismissed, the return recited that the service was upon the ticket agent in Concord and the division superintendent of the Southern division of the Boston & Maine, one of the railroads then under the operation and control of the defendant. I would hardly be expected to lose sight of the fact that the former return set up the relationship of these officials to the Boston & Maine, upon the theory that the Boston & Maine was a part of the government system of railroads.

I am not assuming that I am perfectly clear about this question of jurisdiction, but I do say that I seriously doubt the validity of the service.

Courts are cautious and reluctant to hold cases where jurisdiction is in doubt, and (as is being said in another case—Shapley v. Cohoon [C. C. A. 1st Circuit] 263 Fed. 893.

"The axiomatic rule that courts should at once dismiss proceedings from their control whenever, and however, want of jurisdiction is seen—whether upon motion, or upon their own discovery, at whatever stage of the proceedings the discovery may be made—is quite as imperative as the other well-understood rule that requires courts to be jealous and alert in holding and protecting their proper jurisdiction. Holding a case after discovery of want of jurisdiction would be delaying and obstructing justice, not administering it."

These observations and these rules are founded upon the idea that holding cases without jurisdiction is usurpation, and sure to entail wrong—and holding them in doubtful situations of jurisdiction is likely to entail grievous consequences upon both parties, and more particularly upon the party urging jurisdiction, if in the end, and after long delays and large expense, jurisdiction is found wanting.

Upon the reasoning of my earlier opinion (261 Fed. 239), supplemented by what is said here, the plea in abatement is sustained, and the case will consequently be dismissed for want of jurisdiction.

Dismissed.